UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James K. Bishop,

    Plaintiff,

    v.

Ohio Department of Corrections, *et al.*,

    Defendants.

Case No. 2:26-cv-37

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

James K. Bishop ("Plaintiff") is a prisoner appearing without the assistance of counsel and without the prepayment of fees. Order, ECF No. 3. Plaintiff sues the Ohio Department of Rehabilitation and Corrections (listed as Ohio Department of Corrections in the Amended Complaint) and various individuals[1] under 42 U.S.C. § 1983, alleging deliberate indifference to a serious medical need and deprivation of procedural due process. Am. Compl., ECF No. 4. He also alleges violations of various Ohio statutes and administrative codes. *Id.* He seeks injunctive relief and damages. *Id.*

The Magistrate Judge performed an initial screen of the Amended Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and issued a Report and Recommendation ("R&R"). R&R, ECF No. 9. She construed the Amended Complaint as alleging four claims: (1) Fourteenth Amendment procedural due

---

[1] The individual defendants are Annette Chambers-Smith (incorrectly listed in Plaintiff's filings as Annette Smith-Chambers); Karen Stanforth, Warden Forshey, Nurse Collins, Unknown nurse, K. Morrow, and Inspector-E. Obeng-Robertson. Am. Compl., ECF No. 4.

process; (2) Eighth Amendment deliberate indifference to a serious medical need; (3) state-law medical malpractice; and (4) state-law dereliction of duty. *Id.* at 5.

Regarding the procedural due process claim, the R&R recommends dismissal because Plaintiff failed to allege the deprivation of a liberty or property interest apart from the handling of Plaintiff's grievances, and there is no constitutional right to an effective grievance procedure. *Id.* at 5–6.

As to Plaintiff's deliberate indifference claim, the R&R recommends dismissal because Plaintiff failed to allege that any Defendant was indifferent (let alone deliberately so) to any serious medical need; to the contrary, it concludes that Plaintiff alleged his medical needs were met. *Id.* at 8–9.

Because the R&R recommends dismissing without prejudice both federal claims for failure to state a claim, it recommends declining to exercise supplemental jurisdiction over the state-law claims. *Id.* at 9–10.

Plaintiff objects to portions of the R&R, Obj., ECF No. 12, and pursuant to Federal Rule of Civil Procedure 72, the Court reviews *de novo* those portions to which Plaintiff properly objected. Fed. R. Civ. P. 72(b)(3).

As a threshold matter, Plaintiff appears to contend that he brings *all* his claims under § 1983 (i.e., that he has no state-law claims). *See* Obj. 5–6, ECF No. 12 (arguing that Defendants Warden Forshey and Director Chambers-Smith violated multiple state civil and criminal statutes and that Plaintiff's claims "therefore" arise under § 1983 because those violations affected the conditions of his confinement).

This objection lacks merit. "Section 1983 is for redressing federal constitutional violations; thus, claims for violations of a state law by state officials are

not cognizable under § 1983." *Lewis v. Phillips*, No. 20-5432, 2020 WL 6277422, at *2 (6th Cir. Oct. 19, 2020) (citation omitted).  This is true even though Plaintiff is incarcerated and alleges that the challenged acts affected the conditions of his confinement. *See id.*

The right to procedural due process and the right to be free from deliberate indifference to a serious medical need are both federal rights.  Accordingly, Plaintiff can bring § 1983 claims based on a violation of those rights.  He cannot, however, bring § 1983 claims based on violations of state common law, statutes, or administrative codes (civil or criminal).  Thus, the R&R's recommendation that the Court construe the Amended Complaint as raising only two § 1983 claims and (at least) two state-law claims is correct.

The cases Plaintiff cites do not undermine this conclusion.  He cites *Burse v. Ohio Dep't of Rehab. & Corr.*, No. 17AP-452, 2019 WL 3202776 (Ohio Ct. App. July 16, 2019), and *Troutman v. Ohio Dep't of Rehab. & Corr.*, Nos. 03AP-1240, 04AP-670, 2005 WL 225313 (Ohio Ct. App. Feb. 1, 2005), but neither case is applicable. Both cases state that the Ohio Court of Claims lacks jurisdiction to consider § 1983 claims or alleged violations of criminal statutes. *Burse*, 2019 WL 3202776, at *3–4; *Troutman*, 2005 WL 225313, at *3.  But that does not support the separate notion that Plaintiff can base § 1983 claims on violations of state law (criminal or otherwise).  It merely means that claims for state-law violations must be brought in a state court of common pleas, rather than the Court of Claims. *E.g.*, *Troutman*, 2005 WL 225313, at *3.

Having concluded that the R&R correctly construed the Amended Complaint as raising only two § 1983 claims, the Court turns to the recommendations concerning those claims.

With respect to the § 1983 procedural due process claim, Plaintiff's Amended Complaint alleges that Defendants Morrow, Stanforth, and Obeng-Robertson[2] denied him procedural due process by failing to comply with Ohio Administrative Code § 5120-9-31(J)(3). Am. Compl. ¶ 40, ECF No. 4.

Ohio Administrative Code § 5120-9-31 covers the inmate grievance procedure, and subsection (J)(3) permits an inmate to appeal the disposition of a grievance. It states that the Chief Inspector (or their designee) shall provide a written response to the appeal "within thirty calendar days of receipt of the appeal[,]" but that deadline can be extended for good cause and with notice to the inmate. Ohio Admin. Code § 5120-9-31(J)(3).

Plaintiff alleges that Defendant Morrow denied him procedural due process by failing to respond to Plaintiff's grievance appeal within the thirty-day provision set out in subsection (J)(3). Am. Compl. ¶ 43, ECF No. 4. He alleges that Defendant Stanforth denied him procedural due process by failing to investigate his medical records, lying in the grievance disposition, failing to have Plaintiff reevaluated before disposing of the grievance, and failing to dispose of the grievance appeal within the deadline prescribed in subsection (J)(3). Id. ¶ 44. He alleges that Defendant

---

[2] The Amended Complaint lacks any factual allegations about any other Defendants vis-à-vis procedural due process and therefore fails to state any procedural due process claim against the remaining Defendants.

Case No. 2:26-cv-37

Obeng-Robertson denied him procedural due process when she failed to investigate his medical records, failed to investigate his grievance, failed to review and save pertinent camera footage, and failed to grant his grievance. *Id.* ¶ 46. Thus, Plaintiff's procedural due process claim against Defendants Morrow, Stanforth, and Obeng-Robertson essentially alleges that they violated Ohio's inmate grievance process and that said violation, in and of itself, violated his right to procedural due process.

The R&R's recommendation that there is no constitutional liberty interest in an effective grievance process and that Plaintiff failed to allege the deprivation of any other liberty or property interest, *see* R&R 6, ECF No. 9, is correct and dooms this claim. *E.g.*, *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) ("[S]tate law does not create a liberty interest in the grievance procedure." (citation omitted)); *Jones v. Hardiman*, No. 1:14-cv-391, 2014 WL 2862640, at *7 (W.D. Mich. June 24, 2014) ("Because Plaintiff has no liberty interest in the grievance process, Defendant Simmons' conduct [of rejecting the grievance and failing to timely process the grievance] did not deprive him of due process."); *Wolfel v. Gilliam*, No. 2:09-cv-756, 2010 WL 2667355, at *5 (S.D. Ohio June 30, 2010) (granting summary judgment for defendants on a procedural due process claim based on the Chief Inspector's failure to respond to a grievance within thirty days and another defendant's failure to adequately investigate the plaintiff's informal complaint).

Again, Plaintiff's case citation is inapposite. Plaintiff relies on *Lamb v. Kendrick*, 52 F.4th 286 (6th Cir. 2022), to support his procedural due process claim, *see* Obj. 6–7, ECF No. 12, but that case does not assist him. *Lamb* discusses the

Case No. 2:26-cv-37                                                                 Page 5 of 9

Prison Litigation Reform Act's requirement that inmates exhaust administrative remedies before filing a federal lawsuit, and it acknowledges that inmates need not exhaust those administrative remedies if the remedies are "unavailable" (including in instances where the inmate is "thwart[ed]" from fully grieving the issue). *Lamb*, 52 F. 4th at 292–93.

But the fact that an inmate can be excused from the requirement of *exhausting administrative remedies* if his attempt to do so is thwarted does not mean that an inmate *has a constitutionally protected due process interest in the grievance process itself* such that any "thwarting" amounts to a separate, due process violation.

In sum, the only liberty interest that Plaintiff alleges was violated was a non-existent liberty interest in an inmate grievance process. As such, he fails to state a claim for violation of procedural due process.

The only other federal claim Plaintiff alleges is a § 1983 claim for deliberate indifference to serious medical needs. The Eighth Amendment to the United States Constitution protects inmates against deliberate indifference to their serious medical needs. *E.g.*, *Lowrance v. Corecivic, Inc.*, No. 25-5553, 2026 WL 700444, at *2 (6th Cir. Mar. 12, 2026) (citation omitted). The contours of Plaintiff's deliberate indifference claim, however, are unclear.

For example, Plaintiff objects that he adequately alleged that Defendants Nurse Collins, Stanforth, and Unknown nurse were deliberately indifferent to his

serious medical need because they failed to grant his grievance concerning the needs for a cane and for a hip replacement.[3]  Obj. 2, ECF No. 12.

But the Amended Complaint does not allege that Nurse Collins or Unknown nurse ruled on any grievance.  Instead, Plaintiff attached Exhibit 2 to the Amended Complaint, which shows that Nurse Collins approved Plaintiff for a low bunk and a low range.  Am. Compl. Ex. 2, ECF No. 1-2 at PAGEID # 24; Am. Compl. ¶ 12, ECF No. 4.  Plaintiff also alleges that Nurse Collins provided him with a theft or loss report when Plaintiff's cane was inadvertently left behind on a transport bus.  Am. Compl. ¶ 13, ECF No. 4.  Moreover, the Amended Complaint does not allege that Nurse Collins or Unknown nurse placed him in solitary confinement without his cane or deprived him of his cane at any time.[4]  *See id.* ¶ 14.

At most, the Amended Complaint alleges that unnamed medical staff failed to reevaluate Plaintiff for the continued need for restrictions before his existing restrictions expired in March 2025.  *E.g.*, Am. Compl. ¶ 31, ECF No. 4.  But Plaintiff does not allege that it was *Nurse Collins* or *Unknown nurse's* responsibility to reevaluate him and, in any event, he does not allege facts establishing that such a failure was due to deliberate indifference as opposed to, as he specifically pleads, "medical negligence[.]"  *Id.* ¶ 33.

As such, and on *de novo* review, the Court agrees that Plaintiff failed to state a claim for deliberate indifference against Nurse Collins or Unknown nurse.

---

[3] Plaintiff has forfeited any objection to the R&R's recommendation vis-a-vis the other Defendants.

[4] The exhibits suggest that Lt. Harper confiscated Plaintiff's cane. Am. Compl. Ex. 3, ECF No. 1-2.

Case No. 2:26-cv-37                                                    Page 7 of 9

To the extent Plaintiff alleges that Stanforth was deliberately indifferent to his serious medical need with respect to her handling of his grievance, *see* Obj. 2–5, ECF No. 12, Plaintiff again fails to allege that Stanforth had any duty to have him evaluated for medical restrictions prior to March 2025 or that her handling of the grievance even affected his hip replacement.  To the contrary, Stanforth's reversal of the partial grant of Plaintiff's grievance, on the basis that his medical restrictions had expired in March 2025, Am. Compl. Ex. 3, ECF No. 1-2, does not provide a basis for a claim that she was deliberately indifferent to his serious medical need for reevaluation before that expiration.  *Cf. Davis v. Thomas*, No. 19-1558, 2020 WL 8262816, at *3 (6th Cir. Jan. 6, 2020) (affirming the dismissal of deliberate indifference claims based on an "alleged failure to respond to or process . . . grievances properly."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); R&R 9, ECF No. 9 ("It appears that Plaintiff continued to receive his low bunk/low range restrictions even after they nominally expired in March 2025. Plaintiff fails to allege that he complained of hip pain, or requested an evaluation of his hip, such that Defendants were subjectively aware that he required further evaluation.  Nor is it clear why a failure to evaluate Plaintiff's hip in March 2025 would be the cause of any delay in obtaining a hip replacement.").

And, of course, to the extent Plaintiff argues on objection that the Complaint in this lawsuit gave rise to subjective knowledge on the part of any Defendant, *see* Obj. 2–3, ECF No. 12 ("My complaint (case# 2:26-cv-00037) gave Defendants Collins, K. Stanforth, and Unknown nurse sufficient information for them to have subjective

knowledge of my serious medical need."), his objection fails because deliberate indifference to a serious medical need must arise before it can be alleged in a complaint (not the other way around).

In short, Plaintiff failed to state a claim for deliberate indifference against Stanforth as well.

For the above reasons, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the R&R and **DISMISSES WITHOUT PREJUDICE** Plaintiff's federal claims for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and **DISMISSES** the same **WITHOUT PREJUDICE**. The Clerk shall enter judgment and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**